PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALI MOSHIR,                          )
                                     )    CASE NO. 4:17CV1546
            Plaintiff,               )
                                     )
      v.                             )    JUDGE BENITA Y. PEARSON
                                     )
CAPTAIN CONLEY, *et al.*,            )
                                     )
                                     )    **MEMORANDUM OF OPINION AND**
            Defendants.              )    **ORDER** [Resolving ECF No. 2]


      Pending before the Court is *Pro se* Plaintiff Ali Moshir's Motion to Proceed *in forma pauperis* (ECF No. 2).  This case has been transferred from the United States District Court for the Western District of New York.  *See* Decision and Order (ECF No. 3).  Plaintiff, an inmate at the Northeast Ohio Correctional Center ("NEOCC") at the time he filed this *in forma pauperis* civil rights action against Defendants Captain Conley, United States Marshal, Warden Larose, State of Ohio, County of Mahoning, the Federal/U.S. Government, the NEOCC, Corrections Corporation of America ("CCA")/Core Civic, and Chief Yemma, alleges in his Complaint (ECF No. 1)  that he was improperly disciplined and placed in the segregation unit.  ECF No. 1 at PageID#: 5.

      Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* if the prisoner, on three or more prior occasions while incarcerated, brought a civil action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim on which relief could be granted, absent allegations suggesting that he is in imminent danger of serious

physical injury. 28 U.S.C. § 1915(g). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. Aug. 20, 2008). Past allegations of danger, as well as allegations "that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. May 15, 2012).

Plaintiff has on at least three prior occasions filed a civil action in federal court that was summarily dismissed for failure to state a claim.[1]  Furthermore, the instant action does not contain allegations suggesting he is in imminent danger of serious physical injury due to Defendants' actions. ECF No. 1 at PageID#: 5. Therefore, Plaintiff may not proceed *in forma pauperis* in this case.

Accordingly, Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is denied, and this action is dismissed without prejudice. If Plaintiff wishes to proceed with this action, he must, within thirty (30) days from the date of this Order, pay the entire filing fee of $400.00. No other documents will be accepted for filing unless Plaintiff pays the filing fee in full. If Plaintiff does not pay the full filing fee within thirty (30) days, this case will be dismissed with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

---

[1] *See Moshir v. NEOCC, et al.*, Case No. 4:17CV1106 (N.D. Ohio Aug. 31. 2017) (Pearson, J.); *Moshir v. Valentine*, Case No. 4:17CV1459 (N.D. Ohio Aug. 31, 2017) (Pearson, J.); *Moshir v. NEOCC, et al.*, Case No. 4:17CV1480 (N.D. Ohio Oct. 13, 2017) (Pearson, J.).

(4:17CV1546)

IT IS SO ORDERED.

 December 12, 2017                    /s/ Benita Y. Pearson
Date                                Benita Y. Pearson
                                    United States District Judge